**Nicholas J. Henderson, OSB #074027**
Motschenbacher & Blattner LLP
117 SW Taylor St., Suite 300
Portland, OR 97204
Telephone: (503) 417-0508
Facsimile: (503) 417-0528
nhenderson@portlaw.com

Of Proposed Attorneys for Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>MARK F. HAUETER, and<br>CORI L. HAUETER,<br><br>Debtors. | Case No. 20-31020-dwh12<br><br>NOTICE OF MOTION |

**NOTICE – LBR 9019-1(B)**

PLEASE TAKE NOTICE: If you oppose the proposed course of action or relief sought in the attached motion, you must file a written objection with the bankruptcy court within 14 days after the date listed in the certificate of service below. If you do not file an objection, the court may grant the motion without further notice or hearing. Your objection must set forth the specific grounds for objection and your relation to the case.

/ / / / /

/ / / / /

/ / / / /

Page 1 of 2    NOTICE OF MOTION

{00350137:1}

**MOTSCHENBACHER & BLATTNER LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 20-31020-dwh12    Doc 25    Filed 04/10/20

The objection must be received by the clerk of the court at United States Bankruptcy Court, 1050 SW 6th Avenue, #700, Portland, OR 97204, by the deadline specified above or it may not be considered. You must also serve the objection on Nicholas J. Henderson, Motschenbacher & Blattner LLP, 117 SW Taylor Street, Suite 300, Portland, OR 97204, within that same time. If the court sets a hearing, you will receive a separate notice listing the hearing date, time, and other relevant information.

Page 2 of 2    NOTICE OF MOTION

{00350137:1}

Case 20-31020-dwh12    Doc 25    Filed 04/10/20

**MOTSCHENBACHER & BLATTNER LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

**Nicholas J. Henderson, OSB #074027**
Motschenbacher & Blattner LLP
117 SW Taylor St., Suite 300
Portland, OR 97204
Telephone: (503) 417-0508
Facsimile: (503) 417-0528
nhenderson@portlaw.com

      Of Proposed Attorneys for Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>Mark F. Haueter and Cori L. Haueter,<br><br>Debtors. | Case No. 20-31020-dwh12<br><br>DEBTORS' APPLICATION FOR AUTHORIZATION TO EMPLOY BANKRUPTCY COUNSEL<br>(Motschenbacher & Blattner LLP) |

Mark F. Haueter and Cori L. Haueter (the "Debtors"), hereby move this Court for entry of an order authorizing them to employ Motschenbacher & Blattner LLP ("M&B") as their general bankruptcy counsel in this case. In support of this application, the Debtors represent:

**BACKGROUND**

1. On March 17, 2020, (the "Petition Date"), the Debtors filed herein a voluntary petition under Chapter 12 of the Bankruptcy Code. The Debtors are continuing in the management and possession of their business and properties as debtors-in-possession under section 1207(b). As of the date hereof, no trustee or examiner has been requested or appointed in this case.

2. The Debtors own and operate a cattle ranch in Ontario, Oregon. Debtor Mark Haueter raises cattle at the Debtors' property, and at a leased pasture/feedlot in Ontario.

Page 1 of 4    DEBTORS' APPLICATION FOR AUTHORIZATION TO EMPLOY BANKRUPTCY COUNSEL (Motschenbacher & Blattner LLP)

{00350137:1}

**MOTSCHENBACHER & BLATTNER LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 20-31020-dwh12    Doc 25    Filed 04/10/20

3. M&B commenced rendering prepetition litigation and bankruptcy services to the Debtors on January 23, 2019. The details concerning M&B's engagement as bankruptcy counsel, and the payments made to M&B in connection with that engagement, are disclosed in the accompanying Rule 2014 Statement.

## JURISDICTION

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and LR 2100-1. Consideration of this application constitutes a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A). The statutory predicates for the relief sought by this application are sections 327(a) and 1107 of the Bankruptcy Code. Venue is proper under 28 U.S.C. § 1408.

## JURISDICTION

5. By this application, the Debtors seek entry of an order, effective as of the date of this Motion, authorizing them to employ M&B as their general bankruptcy counsel in this Chapter 12 case on an hourly basis, on the terms set forth in the engagement materials attached hereto as **Exhibit 1**.

6. A proposed form of order is attached as **Exhibit 2**.

## POINTS AND AUTHORITIES

7. Subject to further order of this Court, and subject to the limitations described in paragraph 8 below, the Debtors proposes to engage M&B for purposes of (i) consulting with them concerning the administration of the case, (ii) advising them with regard to its rights, powers and duties as debtors-in-possession, (iii) investigating and, if appropriate, prosecuting on behalf of the estate claims and causes of action belonging to the estate, (iv) advising them concerning alternatives for restructuring their debts and financial affairs pursuant to a plan or, if

Page 2 of 4    DEBTORS' APPLICATION FOR AUTHORIZATION TO EMPLOY
BANKRUPTCY COUNSEL (Motschenbacher & Blattner LLP)

{00350137:1}

**MOTSCHENBACHER & BLATTNER LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 20-31020-dwh12    Doc 25    Filed 04/10/20

appropriate, liquidating their assets, and (v) preparing the bankruptcy schedules, statements and lists required to be filed by the Debtors under the Bankruptcy Code and applicable procedural rules.

8. The Debtors are separated and are currently parties to a pending divorce case. The Debtors are expressly excluding from M&B's engagement any representation regarding division of the assets in their bankruptcy estate. Debtors will seek to employ separate special counsel for each of them, under 11 U.S.C. § 327(e), to advise them on an individual basis as to their separate affairs. *See, e.g., In re Goldstein*, 383 B.R. 496, 502 (Bankr. C.D. Cal. 2007) (divorcing debtors hired one bankruptcy counsel and allowed to hire separate divorce counsel under § 327(e)). The limitations of M&B's representation are further set forth in Exhibit 1.

9. The Debtors have selected M&B for the reason that they believe the firm is well qualified to represent them in this case. M&B has substantial expertise in matters relating to bankruptcy and business reorganizations.

10. The proposed rate of compensation, subject to this Court's approval, are the customary hourly rates in effect when services are performed by the attorneys and other firm personnel who provide professional services to the Debtors. The current hourly rates for those persons presently designated to work on this case are as follows:

| Name | Status | Hourly Rate |
| --- | --- | --- |
| Nicholas J. Henderson | Partner | $425.00 |
| Alex C. Trauman | Partner | $400.00 |
| Troy G. Sexton | Associate | $350.00 |
| Jeremy Tolchin | Associate | $325.00 |
| Sean Glinka | Associate | $325.00 |
| Legal Assistants and Paralegals | Legal Assistant | $85.00 to $150.00 |

Page 3 of 4    DEBTORS' APPLICATION FOR AUTHORIZATION TO EMPLOY
BANKRUPTCY COUNSEL (Motschenbacher & Blattner LLP)
{00350137:1}

**MOTSCHENBACHER & BLATTNER LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 20-31020-dwh12    Doc 25    Filed 04/10/20

11. To the best knowledge of the Debtors, except as disclosed in the accompanying Rule 2014 Verified Statement for M&B, M&B does not have any connections with the Debtors, creditors, any other party in interest, their respective attorneys or accountants, the United States trustee or any person employed in the office of the United States trustee, or any District of Oregon bankruptcy judge.

12. To the best knowledge of the Debtors, M&B is a disinterested person within the meaning of section 101(14) of the Bankruptcy Code and does not represent or hold any interest adverse to the interests of the estate or of any class of creditors or equity security holders.

WHEREFORE, the Debtors request entry of an order, effective as of the date below, authorizing them to employ M&B as their general bankruptcy counsel in this Chapter 12 case on an hourly basis, with compensation and reimbursement of expenses to be paid as an administrative expense in such amounts as the Court may allow under sections 330 and 331 of the Bankruptcy Code.

DATED: April 10, 2020

/s/ Mark Haueter  
Mark Haueter, Debtor

/s/ Cori Haueter  
Cori Haueter, Debtor

Page 4 of 4    DEBTORS' APPLICATION FOR AUTHORIZATION TO EMPLOY
BANKRUPTCY COUNSEL (Motschenbacher & Blattner LLP)

{00350137:1}

**MOTSCHENBACHER & BLATTNER LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 20-31020-dwh12    Doc 25    Filed 04/10/20

# EXHIBIT 1

# ENGAGEMENT MATERIALS

{00350137:1}

# BANKRUPTCY ATTORNEY-CLIENT FEE AGREEMENT
(Chapter 12)

**CLIENTS:** Mark Haueter ("Husband") and Cori Lyn Haueter ("Wife")

**ATTORNEY:** Nicholas J. Henderson

**FIRM:** Motschenbacher & Blattner LLP (the "Firm")

**EFFECTIVE:** March 17, 2020

Husband and Wife (jointly, the "*Clients*") desire to retain Attorney and the Firm for the purposes described in this Agreement and agree to be responsible for payment of the Firm's fees and costs as established in this Agreement. Attorney and the Firm agree to represent Clients under the terms and conditions of this Agreement and to be compensated at the rates set forth in this Agreement.

**Section I – Scope of Representation**

    **A.** **Included in Scope of Engagement:** Except as specifically described in Subsection B (Excluded from Scope of Engagement) below, Clients request and the Firm agrees to render the following professional services (the "*Services*"): (a) giving the Clients legal advice with respect to their business/farming operations; (b) assisting the Clients in any proposed reorganization of their business/farming operation; (c) if authorized, filing an appropriate petition for relief under Title 11 of the United States Bankruptcy Code; (d) giving the Clients legal advice with respect to their powers and duties in any proceeding in bankruptcy; (e) proposing on behalf of the Clients all necessary applications, answers, orders, reports or other legal papers; and (f) performing for the Clients any and all other legal services which may be necessary in connection with the filing of any petition or proceeding in bankruptcy.

    **B.** **Excluded from Scope of Engagement**: Notwithstanding anything to the contrary in this Agreement, Clients agree that Firm cannot and will not handle any matter involving claims between Husband and Wife, or their respective bankruptcy estates. Clients are each involved in a pending divorce action, and each of them have separate divorce counsel. Firm will assist Clients in seeking employment of their respective divorce attorneys under § 327(e) of the Bankruptcy Code. Clients will seek advice from their respective divorce counsel regarding any claims against the other, or any defenses thereto. Clients acknowledge that they have waived all conflicts of interest with respect to the Firm's representation of both Clients in their joint Chapter 12 bankruptcy case, as more fully set forth on the attached <u>Addendum 1</u>.

**Section II –Compensation**

Clients and the Firm agree that the Firm's compensation for services performed pursuant to this Agreement shall be the Firm's customary hourly rates in effect at the time the services are performed for the attorneys, legal assistants and staff who provide services for the Client.

{00354600:2}

Case 20-31020-dwh12    Doc 25    Filed 04/10/20

At the time of the execution of this Agreement, the Firm's current hourly rates are as follows:

| NAME | RATE |
|---|---|
| Nicholas J. Henderson | $425.00/hr. |
| Alexander C. Trauman | $400.00/hr. |
| Troy G. Sexton | $350.00/hr. |
| Jeremy Tolchin | $315.00/hr. |
| Sean Glinka | $315.00/hr. |
| Legal Assistants | $85.00-150.00/hr. |

These hourly rates are subject to periodic adjustment (no more than annually) to reflect economic conditions and increased experience and expertise in this area of law. Attorney's time and paralegal time is billed in minimum 0.10 hour increments. Clients will be provided with itemized monthly statements for services rendered and expenses incurred, which will be mailed on approximately the 10th of each calendar month. Clients should not pay these statements until approved by the Bankruptcy Court.

Firm and Clients agree that the actual fees to be incurred in the case are difficult to predict, because of a variety of factors, many of which are not within the control of Firm or Clients. Firm and Clients acknowledge that the Bankruptcy Court is entitled to review Firm's fees for reasonableness. The Bankruptcy Court may reduce the amount of the fees billed in such amount that it determines reasonable based on the totality of the circumstances, including a consideration of the reasonableness of the fees based on the circumstances which existed at the time the employment began, as well as a consideration of the reasonableness of the fee after the services have been rendered and the representation has concluded. If the Bankruptcy Court requires a reduction in the amount of any fees charged, Firm and Clients agree that all other terms and conditions of this fee agreement shall continue to apply.

Firm and Clients agree that the existence of this Agreement shall be adequately disclosed to the Court and other interested parties, including but not limited to the United States Trustee. The retainer amount paid by Clients was **$20,000**, which includes the amount of the filing fee for Chapter 12.

In addition to the foregoing hourly rates, Clients agree to be responsible for payment of all costs incurred in representing the Clients. Examples of such costs include filing fees, court reporter fees, long distance telephone, photocopies (whether made in the Attorney's office or an outside printing service), postage expenses, etc. The Attorney's "Expense Policy Statement" is attached as Exhibit "B."

Clients have been informed and acknowledges that Attorney has no responsibility to hire outside professionals such as appraisers, accountants, bookkeepers, expert witnesses, etc., unless those costs are paid in advance by the Clients to the Attorney.

All professionals must also be approved by the Bankruptcy Court before starting work, or the Court will deny payment to the professional.

Firm shall have the option, but not the duty, to proceed with representing Clients prior to payment of the above described retainer. If Attorney performs services prior to receipt of the retainer, the Attorney may withdraw from representing the Clients at any time prior to payment of the agreed retainer.

**III.    Other Terms**

Clients agree to cooperate with the Firm, to complete all forms requested by the Firm and to provide the Firm with all information necessary to enable the Firm and Attorney to represent the Clients' best interests. If Clients unreasonably decline to cooperate, or should knowingly provide the Firm or Attorney with false or fraudulent information or testify untruthfully in any matter before the Court, Clients agree that Attorney shall have the right to request court approval to resign. If permitted by law, should either party find it necessary to take steps to enforce this Agreement, the costs of doing so, including reasonable Attorney fees both before trial, at trial or after appeal, as determined by the Court, will be borne by the losing party.

Clients acknowledge that Attorney has advised that the actual Attorney fees and expenses, considering the size and complexity of case, will be substantial, and will exceed the amount of the retainer. Clients acknowledge that the Attorney has advised that under applicable rules, the Firm has the right to submit an application for payment of fees to the court in accordance with the court's rules, which will be done as frequently as court rules permit. Such petitions for fees, when approved, will be paid from the Client's post-petition income.

Attorney strives to keep Clients informed of the work Attorney is performing, and Attorney stands ready to explain its services and invoices to Clients' satisfaction. If Clients ever have questions regarding the Firm's charges, please let Attorney know immediately so that Attorney can attempt to resolve any concerns fairly and without delay. Also, if Clients have a particular need relative to the Firm's invoicing (e.g., the billing format or timing of delivery), please let Attorney know and Attorney will try to accommodate the Clients.

Clients may terminate the attorney/client relationship at any time and for any reason by delivering to Attorney a written notice of termination. Attorney and the Firm also reserve the right to terminate the attorney/client relationship, by delivering to Clients a written notice, if Clients fail to pay the Firm when due any amount Clients owes the Firm, if Clients fail to cooperate with Attorney of the Firm, or fail to disclose material information, or if for any other reason Attorney feels Attorney is unable to continue an effective attorney/client relationship, in each case, to the extent permitted by the applicable rules of professional conduct, and subject to any applicable rules requiring notice and approval by the bankruptcy court. Upon any termination, Clients will remain liable for all fees, costs and expenses incurred prior to the termination of the attorney/client relationship. Upon termination, Attorney will provide Clients with the original or a copy of all Clients' files in the Firm's possession, retaining a copy for Firm in Attorney's discretion and at Firm's cost. Once Attorney's representation is terminated, Attorney and the Firm will have no obligation to inform Clients of due dates, subsequent developments or the like, or to maintain any documents or dockets relating to Clients' matters.

The Firm appreciates the opportunity to serve as Clients' attorneys and anticipates a productive and harmonious relationship. If, however, Clients become dissatisfied for any reason with the services performed or Clients dispute any of the fees, costs or expenses charged by the Firm, Attorney encourages Clients to bring that dissatisfaction or dispute to Attorney's attention at the earliest possible time. Most problems should be rectifiable through such communication. However, should a dispute arise between Attorney and/or Clients which cannot be resolved in that manner, then the bankruptcy court will resolve the dispute.

A solid attorney/client relationship is a two-way street. Lawyers need timely and complete cooperation and assistance from their clients just as clients need timely and complete cooperation and assistance from their lawyers. Attorney will therefore endeavor to keep Clients informed of Clients' matters as they progress. Similarly, Clients agree to provide Attorney and the Firm with timely responses to requests for documentation and information and to make available to Firm personnel in order that the Firm may effectively carry out its function as Clients' attorneys. If Attorney does not obtain such cooperation, the quality of Attorney's representation may suffer and Attorney may feel constrained to withdraw from any further work.

**FIRM AND ATTORNEY DO NOT UNDERTAKE TO GIVE THE CLIENTS TAX ADVICE. CLIENTS AGREES TO CONSULT THEIR OWN ACCOUNTANT(S) OR COMPETENT TAX COUNSEL, WITH RESPECT TO ALL TAX ISSUES.**

DATED: April 10, 2020

ATTORNEY:  CLIENTS:

MOTSCHENBACHER & BLATTNER, LLP

By: /s/ Nicholas J. Henderson
Nicholas J. Henderson

By: Mark F. Haueter
Mark F. Haueter

By: Cori L. Haueter
Cori L. Haueter

Attachments:   Initial If Rec'd:

A. Conflict Disclosure and Waiver (Exhibit A)   MH  CH

B. Expense Policy Statement (Exhibit B)   MH  CH

# EXHIBIT B
## Attorney's Expense Policy Statement

Photocopies:          $0.10 per page (in house)

Outside Services:          All outside entity bills are charged at actual cost.

Postage:          Postage, express mail and other overnight delivery or air courier services are charged at actual cost.

Long Distance:          Long distance telephone charges are billed to Clients at actual cost.

Computerized Research:          Actual (i.e., invoiced) cost. Time associated with computerized research to be specifically identified on attorney time detail.

Travel:          Travel expenses are actual and Air fare is coach or economy class only. Mileage is charged at the rate of allowed for federal tax deductions.

Pacer:          Actual cost ($0.10 per page).

Other:          Any charges not mentioned above will be charged in accordance with the applicable U.S. Bankruptcy Court Cost Guidelines contained in Bankruptcy Rule 2016, and in Local Rule 2016-1(b)(2).



**ATTORNEYS SERVING PRIVATELY HELD BUSINESSES AND THEIR OWNERS**

# MOTSCHENBACHER & BLATTNER LLP

117 SW TAYLOR STREET, SUITE 300, PORTLAND, OR 97204-3029   PHONE 503-417-0500   FAX 503-417-0501

Nicholas J. Henderson<br>
Admitted in Oregon and Washington<br>
Direct: 503-417-0508<br>
nhenderson@portlaw.com<br>
www.portlaw.com

March 17, 2020

**VIA EMAIL ONLY**

Cori Haueter  
325 Grove Road  
Ontario, OR 97914  
corkyhaueter@yahoo.com

Mark Haueter  
4940 Kimball Rd.  
Ontario, OR 97914  
hauetermark@gmail.com

Re: *Renewed Waiver of Potential Conflict of Interest and Consent to Joint Representation*

Dear Mark and Cori:

You've asked me to represent both of you in a joint Chapter 12 bankruptcy case. I'm writing to confirm the conflict of interest disclosure you have both received in the past, and renew the conflict of interest waiver you have both provided in the past.

Since the commencement of my representation, the two of you have commenced a divorce action in Malheur County Circuit Court. Although we have previously discussed the conflict of interest issues that have arisen as a result of your divorce, the issue is important and I would like to confirm our discussion, and your waiver of conflicts of interest.

The Oregon Rules of Professional Conduct prohibit one attorney or law firm from representing two clients on a matters in which there is a direct conflict of interest. From our converstions, your interests are aligned with respect to preserving your joint assets from collection efforts by your creditors, and in seeking relief in a joint Chapter 12 bankruptcy case. On those matters, I can represent both of you, as long as your interests continue to be aligned.

However, your interests are not aligned with respect to the division of the assets you are seeking to preserve. Neither my firm nor I can represent either of you on those matters. It is my understanding that those issues will be handled by your respective divorce attorneys that are handling your affairs in the divorce action. I will help you both in seeking to employ your divorce attorneys in the bankruptcy case. Your individual divorce attorneys can advise each of you with respect to your dispute with each other. Any issues regarding division of your marital assets, or any related issues, are expressly excluded from the scope of my firm's engagement.

With any joint representation, it is possible that your interests may come into conflict later in ways that we cannot predict now. If they do, it may prevent us from continuing to represent you in this matter. In that situation, my firm would need to withdraw from representing both of you, and you would need to retain separate lawyers to represent you in the bankruptcy case.

You should also consider the potential impact of joint representation on the attorney-client privilege. In joint representation, anything you tell me or my firm's personnel in confidence is subject to the attorney-client privilege as it relates to others. However, in a joint representation, I cannot keep secrets from either of you. By agreeing to this joint representation, you are authorizing us to share with each of you anything that you tell us separately relating to your joint representation. If you need to discuss a matter that you do not want shared with each other, you will need to consult your separate counsel.

Please consider this situation and decide whether you wish to consent to my continued representation of both of you. Oregon law requires me to recommend that each of you consult with separate counsel in deciding whether or not your consent should be given. In this case, you should consult with your separate divorce counsel.

If you have questions that you would like me to answer before you make a decision, please let me know. If, after such review as you believe appropriate, you decide to consent to my continued representation of both of you in spite of the limitations discussed in this letter, please sign this letter below and return it to me.

Very truly yours,

MOTSCHENBACHER & BLATTNER LLP

Nicholas J. Henderson

---

We acknowledge that potential conflicts of interest are present in this representation, and we hereby waive all conflicts of interest to the fullest extent possible:

_____     _____
Mark Haueter                         Date


_____     _____
Cori Haueter                         Date

**EXHIBIT 2**

**PROPOSED ORDER**

{00350137:1}

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

In re:

MARK F. HAUETER, and
CORI L. HAUETER,

                     Debtor.

Case No. 20-31020-dwh12

ORDER AUTHORIZING EMPLOYMENT
OF BANKRUPTCY COUNSEL FOR
DEBTORS
(Motschenbacher & Blattner LLP)

THIS MATTER having come before the Court on the Debtors' Application for

Authorization to Employ Bankruptcy Counsel [ECF No. ___] (the "Application"), for an order

authorizing them to employ Motschenbacher & Blattner LLP as attorneys for Mark F. Haueter

and Cori L. Haueter (the "Debtors"); the Court having reviewed the motion and accompanying

2014 statement, and being otherwise duly advised; now, therefore,

/ / / / /

/ / / / /

/ / / / /

Page 1 of 2   ORDER AUTHORIZING EMPLOYMENT OF BANKRUPTCY
                  COUNSEL FOR DEBTORS (Motschenbacher & Blattner LLP)

{00350137:1}

**MOTSCHENBACHER & BLATTNER LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 20-31020-dwh12   Doc 25   Filed 04/10/20

IT IS HEREBY ORDERED as follows:

1) Debtors' Application is approved, and Debtors are authorized to employ the law firm of Motschenbacher & Blattner LLP as Debtors' Chapter 12 counsel to represent Debtors in conducting the case, on the terms and conditions set forth in the engagement materials attached to the Application as Exhibit 1; and

2) The Debtors shall pay said attorneys for their services, and shall reimburse expenses incurred by said attorneys, only upon the entry of an order of the Court approving such fees and expenses under 11 U.S.C § 330, and other applicable provisions of the Bankruptcy Code and Local Bankruptcy Rules.

### # # #

Order Presented by:

MOTSCHENBACHER & BLATTNER, LLP

/s/ Nicholas J. Henderson
Nicholas J. Henderson, OSB #074027
Telephone: 503-417-0508
E-mail: nhenderson@portlaw.com
Of Proposed Attorneys for Debtors-in-Possession

**PARTIES TO SERVE:**

| CM/ECF Service: | Via First-Class Mail: |
|---|---|
| All participants. | None. |

Page 2 of 2    ORDER AUTHORIZING EMPLOYMENT OF BANKRUPTCY
COUNSEL FOR DEBTORS (Motschenbacher & Blattner LLP)
{00350137:1}

MOTSCHENBACHER & BLATTNER LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 20-31020-dwh12    Doc 25    Filed 04/10/20

CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below, a true and correct copy of the foregoing **DEBTORS' APPLICATION FOR AUTHORIZATION TO EMPLOY BANKRUPTCY COUNSEL (Motschenbacher & Blattner LLP)** was provided to the following parties through the Court's Case Management/Electronic Case File system:

- Virginia Andrews Burdette    vab@andrewsburdette.com, ta@andrewsburdette.com;vbch12tr@seanet.com
- ROBERT A FAUCHER    , boiseintaketeam@hollandhart.com;spturner@hollandhart.com
- SHEILA R. SCHWAGER    sschwager@hawleytroxell.com, cdavenport@hawleytroxell.com
- THOMAS W STILLEY    tom@sussmanshank.com, jhume@sussmanshank.com,ecf.thomas.stilley@sussmanshank.com;thomas-stilley-7866@ecf.pacerpro.com
- US Trustee, Portland    USTPRegion18.PL.ECF@usdoj.gov

I further certify that on the date set forth below, a true and correct copy of the above-described document was sent to the following parties via first class mail, postage prepaid:

- NONE

DATED: April 10, 2020                MOTSCHENBACHER & BLATTNER LLP

By:/s/Nicholas J. Henderson
Nicholas J. Henderson, OSB #074027
Of Attorneys for Debtors-in-Possession

Page 1 of 1    CERTIFICATE OF SERVICE

{00350137:1}

**MOTSCHENBACHER & BLATTNER LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 20-31020-dwh12    Doc 25    Filed 04/10/20